UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1: 07-cr-25 |
| | ) | Judge Edgar |
| | ) | |
| KENNETH JONES | ) | |

**MEMORANDUM**

Defendant Kenneth Jones has made a post-trial motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. In the alternative, he moves for a new trial pursuant to Fed. R. Crim. P. 33. [Doc. No. 122]. The government opposes the motion. [Doc. No. 130]. After reviewing the record, the Court concludes that the defendant's motion will be denied.

**I.  Motion For New Trial**

Fed. R. Crim. P. 33(a) provides that upon the defendant's motion, the Court may grant a new trial "if the interest of justice so requires." Defendant Jones bears the burden of demonstrating that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

Motions for new trial under Rule 33 are generally disfavored and are granted only in extraordinary circumstances where the evidence preponderates heavily against the jury's verdict. *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007); *Seago*, 930 F.2d at 488; *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988); *United States v. Smith*, 2008 WL 2002557 (E.D. Tenn. May 7, 2008); *United States v. Slayton*, 2008 WL 185511 (E.D. Tenn. Jan. 17, 2008). The

1

Court considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *Hughes*, 505 F.3d at 593; *United States v. Lutz,* 154 F.3d 581, 589 (6th Cir. 1998); *Ashworth*, 836 F.2d at 266; *Smith*, 2008 WL 2002557; *Slayton*, 2008 WL 185511.

In this case the evidence warranted the verdict reached by the jury, and there was no miscarriage of justice. Defendant Jones was charged in three counts of an indictment with the following offenses:

Count One: Conspiracy to distribute fifty (50) grams or more of cocaine base. 21 U.S.C. §846; Count Two: Knowingly possessing a firearm in furtherance of a drug trafficking offense. 18 U.S.C. § 924 (c)(1)(A)(i); and Count Three: Knowingly possessing a firearm, having previously been convicted of a felony. 18 U.S.C. § 922(g). Jones was convicted by a jury on all three counts. However, the jury found that the drug quantity with respect to Count One was five grams or more of cocaine base rather than the charged fifty grams or more.

The facts in this case are not complex. Two Chattanooga, Tennessee, police officers came to a residence pursuant to information given to them by a person who said that she had been robbed at that address. The officers entered the residence after observing someone attempting to wipe up what the officers perceived to be cocaine powder; after hearing someone inside say "O, shit, it's the cops;" and after the tenant of the residence let them in the door after the officers asked if he minded if they came in and looked around.

One of the officers came to the kitchen where he found Jones sitting at a table where he was in the process of bagging up over 8 grams of cocaine base and 28 grams of cocaine hydrochloride. A loaded 9 mm pistol was on the table immediately in front of Jones. At least one other person, Bridget Smith, was in the kitchen also. She is a drug addict, who testified that Jones supported her

2

habit. To obtain crack she had also become a prostitute. She testified as to how Jones obtained cocaine powder and cooked it into crack; how he sold that product, and that he always possessed a firearm, which he used in his drug dealing for protection and for intimidation.

Finally, Amy Newman, also an addict and prostitute, testified to facts which confirmed those testified to by Smith. She had a similar relationship to Jones as that fulfilled by Smith. Newman, who had pled guilty to violating 18 U.S.C. 922(g) herself, testified that Jones was dealing crack and that he had purchased the firearm in question in exchange for $100 worth of crack.

Jones cites the testimony of his witness and jail inmate, Billy Kirkwood, to the effect that the firearm was placed on the table by a "white girl" is incredible almost to the point of being laughable. There is no good reason to believe that Kirkwood was anywhere near the events giving rise to this case. In sum, the evidence overwhelmingly supports the jury's verdict, and a new trial is not warranted.

## II.   Motion For Judgment of Acquittal

With regard to the motion for judgment of acquittal under Fed.R. Crim P. 29, the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. The Court under Rule 29 does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979); *United States v. Walls*, 293 F.3d 959, 967 (6th Cir. 2002); *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999); *United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997); *United States v. Hilliard,* 11 F.3d 61, 620 (6th Cir. 1993); *Smith*, 2008

3

WL 2002557; *Slayton*, 2008 WL 185511; *cf. Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under the broader standard of review required by Fed. R. Crim. P. 33, this Court has already determined that a new trial is not warranted. *A fortiori* this Court, under the much narrower standard provided by Rule 29, must conclude that a rational jury could have found that the elements of each of the offenses of conviction were proved beyond a reasonable doubt. *Smith*, 2008 WL 2002557; *Slayton*, 2008 WL 185511.

Accordingly, an order will enter denying the defendant's motion for acquittal, or, in the alternative, motion for new trial. [Doc. No. 122].

SO ORDERED.

ENTER this the 3rd day of November, 2008.

                                            */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE